IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Erik S. Bowker, | : | |
| Plaintiff | : | Civil Action 2:14-cv-2162 |
| v. | : | Judge Graham |
| Dr. Kollus, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Erik S. Bowker brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint fails to give defendants fair notice of the claims against them and, therefore, recommends dismissal of the complaint.

The complaint makes the following allegations. Erik S. Bowker is a patient at the Massilon State Hospital, which is also known as Heartland Behavioral Health. Employees of the Hospital have violated state and federal law. They have conspired to attack and injure Bowker. They have stolen his mail and placed him on mail restrictions in retaliation for his making a telephone call to United States Senator Sherrod Brown. They have used

unnecessary and dangerous drugs as punishment. They have denied him due process in grievance procedures and placed him in 100% lock down.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. Federal courts are courts of limited jurisdiction. *Gunn v. Minton,*133 S.Ct. 1059, 1064 (2013); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They may hear only claims arising under the constitution and laws of the United States. *Id.* To the extent that the complaint alleges claims arising under Ohio law it does not state a claim under 42 U.S.C. § 1983.

As to the alleged federal claims, the complaint fails to give the individual defendants fair notice of the claims. It does not allege what specific actions any of the individual

2

defendants took to deprive plaintiff Bowker of a federal constitutional or statutory right. It does not allege the date any individual defendant took an action to deprive plaintiff of a federal right. It merely generally pleads that the defendants have acted to deny him rights. That is insufficient to give each defendant fair notice of the claim(s) pleaded against him or her.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to give defendants fair notice of the claims against them under 42 U.S.C. §1983.  Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge
